UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
LEONARDO GIANELLO,                             :
                                               :
                Plaintiff,            :    MEMORANDUM OPINION
                                               :         AND ORDER
   -against-                                  :
                                               :    11 Civ. 3829 (JGK)
THE PORT AUTHORITY OF N.Y. AND                 :
N.J.,                                          :
                                               :
                Defendant.           :
------------------------------------------------------X

JOHN G. KOELTL, United States District Judge:

The plaintiff filed this action pro se, pursuant to the federal Freedom of Information Act, 5 U.S.C. § 552, seeking documents from the defendant regarding a lease signed by the Vantone Group to occupy office space at the World Trade Center. The plaintiff paid the filing fee for this action. For the following reasons, the action is dismissed.

## STANDARD OF REVIEW

The Court has the authority to dismiss sua sponte a complaint, or portion thereof, for which a plaintiff has paid the filing fee where the plaintiff presents no arguably meritorious issue. See Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (holding that a district court may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee); Pillay v. INS, 45 F.3d 14, 17 (2d Cir. 1995). While the law authorizes dismissal of frivolous complaints even if the filing fee has been paid, district courts "remain obligated to construe a pro se complaint liberally." Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, pro se complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

**BACKGROUND**

In March 2011, the plaintiff submitted a request for documents to the defendant.  The plaintiff asserts that the defendant is "an agency of the United States and has possession of the documents" he seeks.  Compl. ¶ 4.  There has been some communication between the parties regarding the status of the plaintiff's request, however, the plaintiff has not received the documents or a denial of his request.

**DISCUSSION**

The Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, applies to the federal government only and not to municipal or state agencies.  See Grand Cent. P'ship, Inc. v. Cuomo, 166 F.3d 473, 484 (2d Cir. 1999) ("[I]t is beyond question that FOIA applies only to federal and not to state agencies."); Watanmaker v. Clark, 09 Civ. 3877, 2010 WL 3516344, at *10 (E.D.N.Y. Aug. 31, 2010).  The Port Authority is a bi-state entity created by compact between the States of New York and New Jersey.[1]  Langhorne v. Port Auth. of N.Y. & N.J., 03 Civ. 4610, 2005 WL 3018265 at *1 (S.D.N.Y. Nov. 10, 2005); see also Hess v. Port Auth. Trans-Hudson Corp., 513 U.S. 30 (1994) (describing history and status of Port Authority).  As the defendant is not a federal entity, the plaintiff cannot state a FOIA claim against it.

Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a state law claim when it "has dismissed all claims over which it has original jurisdiction[.]"  Id.; see Martinez v. Simonetti, 202 F.3d 625, 636 (2d Cir. 2000).  The Complaint could be construed as seeking relief pursuant to the New York Freedom of Information Law,

---

[1] Attached to the Complaint is the defendant's Freedom of Information policy stating that it "is consistent with the freedom of information laws of the States of New York and New Jersey." Compl. at 37-40.

N.Y. Pub. Off. Law §§ 84–90. Because the plaintiff's federal claim is being dismissed, however, the Court declines to exercise supplemental jurisdiction over any state law claims the plaintiff may be raising in his Complaint.

## CONCLUSION

Although this Court would generally permit amendment of a complaint to cure any defects before dismissing the case sua sponte, see Hughes v. Albany, 76 F.3d 53 (2d Cir. 1996), there is no need to do so here because the plaintiff presents no claims over which this Court has jurisdiction.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_____
JOHN G. KOELTL
United States District Judge

Dated: June 15, 2011
New York, New York